## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

Civil Action No. 16-cv-61546-RNS

ISMAEL VENEGAS, and all others
similarly situated under 29 U.S.C. 216(b),

      Plaintiffs,

v.

ACRI DESIGN & TRADE, CORP., and
GUSTAVO TORRES,

      Defendants.

_____/

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
### TO PLAINTIFF'S FIRST AMENDED COMPLAINT

**COMES NOW** Defendants ACRI DESIGN & TRADE, CORP. ("ACRI") and

GUSTAVO TORRES ("Torres") (herein collectively referred to as "Defendants") by and through

their undersigned counsel and pursuant to Rule 12 of the Federal Rules of Civil Procedure, hereby

file their Answer and Affirmative Defenses to Plaintiff's, ISMAEL VENEGAS, First Amended

Complaint, and states as follows:

### ANSWER

1.    Admitted that jurisdiction is asserted under 29 U.S.C. §§ 201 *et seq.* but denied that

Defendants are liable to Plaintiff for any damages.

2.    Admitted for jurisdictional purposes only.

3.    Admitted for jurisdictional purposes only.

4.    Denied.

5.    Admitted for jurisdictional purposes only but denied that Defendants are liable to

Plaintiff for any damages.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

6.      Admitted for jurisdictional purposes only but denied that Defendants are liable to Plaintiff or any other individual for any damages arising under 29 U.S.C. §§ 201 *et seq.*

7.      Admitted for jurisdictional purposes only but denied that Defendants are liable to Plaintiff or any other individual for any damages arising under 29 U.S.C. §§ 201 *et seq.*

8.      Admitted.

9.      Admitted.

10.     Admitted.

11.     Admitted.

12.     Admitted.

13.     Admitted.

14.     Denied.

15.     Denied.

16.     Denied.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's damages claims are barred by the provisions of Section 11 of the Portal-to Portal Act, 29 U.S.C. § 260, because the acts or omissions complained of were done in good faith and with reasonable grounds for believing that the acts or omissions were not in violation of the FLSA. Defendants accordingly request that this Court, in the exercise of its sound discretion, not make any award of liquidated damages to Plaintiff.

## SECOND AFFIRMATIVE DEFENSE

Defendant Torres was never an individual "employer" of Plaintiff as defined and contemplated by the FLSA.

### THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiff was entitled to overtime wages or minimum wages under the FLSA and the regulations promulgated thereunder, Plaintiff's claim for overtime wages is barred in whole and in part because Defendants did not have actual or constructive knowledge that Plaintiff was working the hours Plaintiff claims, including any overtime hours.

### FOURTH AFFIRMATIVE DEFENSE

The activities on which Plaintiff bases his claim in this action for overtime compensation consisted of traveling to and from the actual place of performance of, and of activities preliminary and postliminary to, the principal activities of Plaintiff's employment. Specifically, Plaintiff used the time he was supposed to be off Defendant ACRI's premises for the sole purpose of performing his employment duties for Defendant ACRI to do personal errands or other activities that Defendant ACRI did not hire Plaintiff to carry out or perform. Thus, such activities were not compensable by either an express provision of any written or non-written contract, or by any custom or practice in effect at the time of such activities; or, if compensable by such contract, custom, or practice, such activities were not engaged in by Plaintiff during the portion of the day with respect to which he was so made compensable. Accordingly, under the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, Defendants are relieved of any liability for the overtime compensation claimed by Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is equitably estopped from claiming unpaid overtime wages because Plaintiff affirmatively misled Defendant ACRI regarding the number of hours worked and Defendant ACRI had no knowledge of Plaintiff's actual hours. Specifically, Plaintiff intentionally and falsely over reported more hours on his timesheets than he actually worked or was authorized by Defendants to work without Defendants' knowledge or approval and contrary to Defendant ACRI's explicit instructions to Plaintiff prohibiting him from working over 40 hours per week and Plaintiff's explicit representations to Defendant ACRI that he understood not to work over 40 hours per week.

3

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's FLSA claim for unpaid overtime wages is barred by the doctrine of unclean hands because: 1) Plaintiff's wrongdoing—that is—Plaintiff's false and intentional over reporting of more hours on his timesheets than the amount of hours he *actually* worked or was authorized to work by Defendants to work without Defendants' knowledge or approval and contrary to Defendant ACRI's explicit instructions to Plaintiff prohibiting him from working over 40 hours per week and Plaintiff's explicit representations to Defendant ACRI that he understood and would not work over 40 hours per week—is directly related to the claim against which it is asserted; and 2) Defendant ACRI suffered a personal injury as a result because Defendant ACRI paid him more money than the hours Plaintiff *actually* worked.

## CONCLUSION

**WHEREFORE**, Defendants, having fully answered the First Amended Complaint and having raised legal defenses thereto, request that this action be dismissed with prejudice, in its entirety, and that Defendants be awarded costs, including reasonable attorneys' fees pursuant to this Court's inherent power, *see Kreager v. Solomon & Flanigan, P.A.,* 775 F.2d 1541, 1543 (11th Cir. 1995), and Federal Rule of Civil Procedure Rule 11(c)(2).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Answer & Affirmative Defenses to Plaintiff's First Amended Complaint was filed and served on all counsel of record via the Court's ECF filing system on this 11th day of August, 2016.

Respectfully submitted,

/s/ Marc E. Rosenthal
Marc E. Rosenthal, Esq.
**ROSENBERG CUMMINGS & EDWARDS PLLC**
*Counsel for Defendants*
104 Southeast 8th Avenue. Suite #2
Fort Lauderdale, Florida 33301
Phone: (954) 233-2675
E-mail: Marc@RosenbergCummings.com
Florida Bar Number: 117561